UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff - Appellee,<br><br>  v.<br><br>NATHANIEL NEWHOUSE,<br><br>            Defendant - Appellant. | No. 10-50565<br><br>D.C. No. 2:08-cr-01147-DDP-1<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

The Memorandum disposition filed on June 15, 2012 is amended as follows:

On Page 4, line 16, insert the following text:

    <<Nor did the district court clearly err at step three of the *Batson*

inquiry.  The district court properly evaluated "the persuasiveness of

the justification[s]" offered by the prosecutor and concluded that

Newhouse failed to carry his burden.  *Purkett v. Elem*, 514 U.S. 765,

768 (1995).>>

An amended Memorandum disposition is filed concurrently with this order.

With this amendment, all judges have voted to DENY the petition for panel rehearing. The petition for panel rehearing is DENIED. No further petitions shall be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50565 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01147-DDP-1 |
| v. | |
| NATHANIEL NEWHOUSE, | AMENDED MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted May 10, 2012
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

Defendant-appellant Nathaniel Newhouse ("Newhouse") was convicted

following a jury trial of possession with intent to distribute the prescription street

drugs oxycodone, hydromorphone, and hydrocodone in violation of 21 U.S.C. §

841 (a)(1). On appeal, Newhouse challenges the district court's denial of his

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

motion to suppress evidence and his *Batson* motion.  We have jurisdiction under 18 U.S.C. § 1291 and we AFFIRM.

We review the district court's denial of Newhouse's motion to suppress de novo.  *United States v. Forrester*, 512 F.3d 500, 506 (9th Cir. 2008).  Newhouse argues that he was arrested when Drug Enforcement Agents ("DEA") positioned their vehicles to block his vehicle from exiting the parking lot, and approached his vehicle with their weapons drawn while one agent stated "stop."  We agree.  Newhouse's freedom of movement was restricted entirely at the moment the agents approached his vehicle at gunpoint and subjected him to official orders.  *United States v. Strickler*, 490 F.2d 378, 380 (9th Cir. 1974).

The arrest did not violate Newhouse's Fourth Amendment rights, however, because it was supported by probable cause.  Newhouse was arrested following DEA agents' surveillance of a pharmacy where pharmacists had alerted the DEA to an unusual number of prescriptions for oxycodone filled by patients associated with Dr. Efrain Sanchez.  Agents observed three persons each fill two prescriptions for popular street drugs containing oxycodone and hydrocodone prescribed by Dr. Sanchez, and depart together with a fourth person who did not fill any prescriptions.  At least one of the individuals appeared to have multiple, additional prescriptions in his possession.  Agents followed the individuals to the parking lot

2

of a donut shop fourteen miles away where, one hour later, they observed a rendezvous with two other vehicles. The individual who did not fill any prescriptions delivered a white paper bag that appeared to be a pharmacy bag to Mr. Newhouse. Considering the totality of the circumstances, the agents collectively possessed "reasonably trustworthy information sufficient to warrant a prudent person in believing that [Newhouse] had committed or was committing an offense." *United States v. Delgadillo-Velasquez*, 856 F.2d 1292, 1296 (9th Cir. 1988); *see also United States v. Bernard*, 623 F.2d 551, 560-61 (9th Cir. 1979).

The district court's denial of Newhouse's *Batson* motion is reviewed for clear error. *Felkner v. Jackson*, 131 S. Ct 1305, 1307 (2011) (per curium). Because *Batson* challenges turn "largely on [the district court's] evaluation of credibility," the district court's "determination is entitled to great deference." *Id.* (citation and internal quotation marks omitted). Here, the district judge found that the government's exercise of a peremptory strike against Juror 27, the sole African-American member of the venire, was not motivated by racial animus. This finding was not in error.

The government offered three, race-neutral reasons for striking Juror 27: her alleged disorientation, her medical issues, and her statement reflecting potential bias against police officers. The district court discredited the first reason, finding

3

that Juror 27 was oriented despite her failure to remember her juror number on several occasions. Neither of the government's additional proffered reasons was clear pretext, however. Juror 27 admitted to frequently needing powerful medications for back pain that could affect her judgment and ability to concentrate. The government's concern about this issue, despite the district court's proposal that Juror 27 could stand whenever her back was bothering her, was not pretextual. *See Rice v. Collins*, 546 U.S. 333, 341 (2006). In addition, in light of Juror 27's statement that, at some point in the past, she believed that police target young black men, the government's concern that she continued to harbor such bias was not pretextual. *See Felker*, 131 S. Ct. at 1306. Moreover, the government struck all three jurors who reported negative experiences with law enforcement, although all three averred that they believed they could be fair. *See Ali v. Hickman*, 584 F.3d 1174, 1192 (9th Cir. 2009) (employing comparative juror analysis). Considering the totality of the circumstances, the district court's finding that the government offered non-pretextual, race-neutral reasons for striking Juror 27 was not clearly erroneous. Nor did the district court clearly err at step three of the *Batson* inquiry. The district court properly evaluated "the persuasiveness of the justification[s]" offered by the prosecutor and concluded that Newhouse failed to carry his burden. *Purkett v. Elem*, 514 U.S. 765, 768 (1995).

4

AFFIRMED.