**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSSELL JONES, | No. 11-17566 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-00895-WBS-KJN |
| v. | |
| JACQUEZ, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted September 11, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BEISTLINE, Chief District Judge.**

Appellant Russell Jones (1) asks the court to remand the case to the district

court with instructions to expand the record to include the juror questionnaires

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Ralph R. Beistline, Chief District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

filled out by the sitting regular and alternate jurors in his trial for felony murder, and (2) challenges the district court's finding that the state trial court did not unreasonably apply *Batson v. Kentucky*, 476 U.S. 79 (1986), or make an unreasonable factual determination when it allowed the government to preemptively strike the only two prospective African-American jurors. We deny remand and affirm the district court's decision.

1. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court may grant a state prisoner's petition for a writ of habeas corpus only when the relevant state-court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). AEDPA review is "limited to the record that was before the state court that adjudicated the claim on the merits," *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see id.* at 1401 n.8 ("The focus of [28 U.S.C. § 2254(e)(2)] is . . . on *limiting* the discretion of federal district courts in holding hearings." (emphasis in original)). Jones cites *Jamerson v. Runnels*, 713 F.3d 1218 (9th Cir. 2013), for the proposition that, regardless of *Pinholster*, a federal court may augment the record with material not reviewed by the state appellate court. In *Jamerson*, this court

allowed the consideration of driver's license photographs to determine the race of each venire member, even though the state appellate court's review was limited to transcripts of voir dire, because the photographic evidence merely "reconstruct[ed] the racial composition of the jury venire." *Id.* at 1226. The photos were used to show the federal court that which the trial court knew from conducting the voir dire—the race of each venire person. The race of the venire members is not disputed in the instant case.

The questionnaires Jones wants the district court to consider on remand were not considered by the state appellate court, which, like the trial court, did not conduct a comparative juror analysis. The district court conducted a comparative juror analysis *sua sponte*, relying upon an augmented voir dire transcript, which thoroughly addressed the facts and circumstances by which white and black members of the venire were similarly situated. "The 'factual basis' for a comparative juror analysis [conducted by the district court wa]s contained in the voir dire, which was submitted to the California Court of Appeal and was part of the 'evidence presented in the State court proceeding.'" *Kesser v. Cambra*, 465 F.3d 351, 361 (9th Cir. 2006) (en banc) (citing 28 U.S.C. § 2254(d)(2)). Inclusion of the questionnaires is unnecessary and impermissible under *Pinholster*. The motion to remand is denied.

2. The exercise of peremptory challenges on the basis of potential jurors' race violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. *Batson*, 476 U.S. at 89. We evaluate *Batson* claims pursuant to a three-step test. "First, the defendant must make a prima facie showing that a challenge was based on race. Second, the prosecution must offer a race-neutral basis for the challenge. Third, the court must determine whether the defendant has shown 'purposeful discrimination.'" *Kesser*, 465 F.3d at 359 (quoting *Batson,* 476 U.S. at 98). "Because 'it is widely acknowledged that the trial judge is in the best position to evaluate the credibility of the prosecutor's proffered justifications,' due deference must be accorded to the trial judge's determination." *Jamerson*, 713 F.3d at 1224 (quoting *Briggs v. Grounds,* 682 F.3d 1165, 1171 (9th Cir. 2012)). *See Rice v. Collins*, 546 U.S. 333, 341–42 (2006).

The prosecutor at Jones' trial  articulated three reasons for striking the two African-American jurors: both had relatives who were convicted of manslaughter, one had expressed concerns that the justice system disproportionately imprisoned people of color, and the other had a negative run-in with the police. We have held that all three of these proffered reasons constitute race-neutral grounds for exclusion. *See United States v. Newhouse*, 484 F. App'x 181, 183 (9th Cir. 2012) (unpublished opinion), *as amended on denial of reh'g* (Aug. 24, 2012); *Cook v.*

4

*LaMarque*, 593 F.3d 810, 820 (9th Cir. 2010); *Jones v. Gomez*, 66 F.3d 199, 200–02 (9th Cir. 1995); *United States v. Vaccaro*, 816 F.2d 443, 457 (9th Cir. 1987), *overruled on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988); *see also Jamerson*, 713 F.3d at 1230–31. Accordingly, the trial court properly dismissed Jones' challenge of the two potential jurors on the first step of *Batson*. The judgment of the trial court is

**AFFIRMED.**